IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MELEAH THOMPSON,

        Plaintiff,

v.

MATTHEW ZOLLER; JASON FARR;
WATCHTOWER BIBLE AND TRACT
SOCIETY OF NEW YORK, INC.;
JUNCTION CITY EAST KINGDOM
HALL OF JEHOVAH'S WITNESSES;
JOHN DOES, 1–10,

        Defendants.

Civ. No. 6:26-cv-01495-AA

**OPINION & ORDER**

AIKEN, District Judge:

Before the Court is Plaintiff Meleah Thompson's Petition to proceed *in forma pauperis* ("IFP"). ECF No. 2. For the reasons explained below, Plaintiff's petition, ECF No. 2, is DENIED.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

Page 1 – OPINION & ORDER

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The Court denies the IFP application for two reasons. The IFP petition is filed by Plaintiff's two attorneys: one attorney who is licensed in Oregon, and a second attorney who is licensed in Florida and proceeds *pro hac vice*. Generally, plaintiffs who petition to proceed IFP are *pro se* plaintiffs who, due to financial hardship, have not been able to secure counsel and for whom the $405 filing fee is a formidable barrier to federal court access. This is an unusual case in which Plaintiff is represented by counsel. Counsel do not provide information as to the fee arrangement. The Court presumes, given Plaintiff's IFP filings, that the representation is based on a contingency fee agreement.

Courts have determined that IFP applications "ordinarily should not be granted in a contingency fee context." *Fodelmesi v. Schepplerly*, 944 F. Supp. 285, 286 (S.D.N.Y. 1996); *see also Deliston v. Smokeshack*, No. 16CV3628, 2016 WL 4530889, at *1 (S.D.N.Y. Aug. 16, 2016) ("there is little risk 'that denying IFP status in such a situation will deter the filing of nonfrivolous claims'"). More importantly, where a plaintiff has already secured counsel, there is little risk that the plaintiff will be denied meaningful access to the federal courts. Even so, a barrier may exist. For that reason, some courts require that counsel disclose the fee arrangement. *See*, *e.g.*,

Page 2 – OPINION & ORDER

*Arocha v. Ministries*, No. 5-18-CV-01251-XR-RBF, 2019 WL 13254069, at \*2 (W.D. Tex. Jan. 14, 2019) ("[plaintiff] shall supplement his IFP Application with . . . the fee arrangement between [plaintiff] and his attorney . . . and if this is a non-contingency fee case, why [plaintiff] believes he has the resources to pay a private attorney but cannot pay at least a portion of the filing and administrative fees").

However, in this case, the Court also denies the IFP application because Plaintiff's income, obligations, and assets, taken together, are insufficient to show financial hardship and inability to pay the $405 filing fee.

### CONCLUSION

For the reasons explained above, the IFP application, ECF No. 2, is DENIED.

It is so ORDERED and DATED this __12th__ day of August 2026.

 /s/Ann Aiken
ANN AIKEN
United States District Judge

Page 3 – OPINION & ORDER